FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA P., | No. 1:19-CV-03271-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 18. Attorney Victoria Chhagan represents Donna P. (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on October 24, 2016, alleging disability since March 10, 2013[1], due to problems with her memory, PTSD, bipolar disorder, depression, anxiety, mood disorder, panic attacks, seizures, sleeping disorder, and learning disorder. Tr. 61-62. The application was denied initially and upon reconsideration. Tr. 98-101, 126-28. Administrative Law Judge (ALJ) C. Howard Prinsloo held a hearing on August 20, 2018, Tr. 34-59, and issued an unfavorable decision on November 30, 2018, Tr. 15-28. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 212-14. The Appeals Council denied the request for review on September 19, 2019. Tr. 1-6. The ALJ's November 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 15, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1982 and was 33 years old as of her alleged onset date. Tr. 26. She did not finish high school, but completed her GED. Tr. 48. Her work history has consisted of a series of short-term jobs, including work as a dishwasher, a dispatcher, an office assistant, a waitress, and a seasonal field worker. Tr. 53-54, 243, 269. She has reported a history of sexual and psychological abuse and she has struggled with mood stability most of her life. Tr. 276, 547. She testified her last job ended when her bipolar symptoms flared up and she had an incident with her supervisor. Tr. 42-43.

///

///

---

[1] At the hearing Plaintiff amended her alleged onset date to October 24, 2016, the filing date of the application. Tr. 40-41.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant

from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On November 30, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-28.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: bipolar disorder, depressive disorder, and anxiety disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at all exertional levels, but had the following nonexertional limitations:

> The claimant is limited to simple, routine, and repetitive tasks with only brief and superficial interaction with the public or coworkers. She should not perform work at unprotected heights or around any dangerous or moving machinery.

Tr. 20.

///

///

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a general clerk, hand packager, informal waitress, telephone operator, fruit harvest worker, or kitchen helper. Tr. 26.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of touch-up screener, cleaner II, and production line solderer. Tr. 27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 27-28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) erroneously rejecting the opinions of Plaintiff's mental health counselors; and (2) improperly evaluating the opinion of a psychological consultative examiner.

## DISCUSSION

**1.    Treating counselors Garcia and Baker**

Plaintiff argues the ALJ erred by improperly rejecting the opinions from Plaintiff's treating counselors, Ivonne Garcia, MSW, MHP, and Sasha Baker, MSW. ECF No. 17 at 3-17.

An ALJ may discount the opinion of an "other source," such as a counselor, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

///

///

*a. Garcia's Medical Source Statement*

On November 29, 2016, Plaintiff's treating counselor, Ivonne Garcia, completed a medical source statement commenting on Plaintiff's work-related limitations. Tr. 512-14. She opined Plaintiff was markedly limited in her ability to work in coordination with or proximity to others without being distracted by them, and that she was moderately limited[2] in carrying out detailed instructions, maintaining attention and concentration for extended periods, sustaining an ordinary routine without special supervision, completing a normal workweek without interruptions from psychologically-based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, responding appropriately to changes in the work setting, traveling in unfamiliar places or using public transportation, and setting realistic goals or making plans independently of others. Tr. 512-13. Ms. Garcia further opined that even a minimal increase in mental demands or change in the environment would be predicted to cause Plaintiff to decompensate, and that she would be off-task 12-20% of the time in a 40-hour workweek and would be likely to miss four or more days of work per month. Tr. 514.

The ALJ gave this opinion no weight, finding it to be internally inconsistent without explanation for the inconsistencies, and finding the prediction of decompensation in the face of additional mental demands to be inconsistent with Plaintiff's activities of daily living and care of her children. Tr. 25. The ALJ further noted Plaintiff had been out of therapy for seven months prior to the completion of this paperwork and was dealing with the loss of her job, and noted that in the months following, Plaintiff was feeling calmer and better. *Id.* Finally,

---

[2] The form defined "moderately limited" as "significant interference with basic work-related activities, i.e., unable to perform the described mental activity for at least 20% of the workday up to 33% of the workday." Tr. 512.

the ALJ found the opinion inconsistent with the record evidence of minimal psychiatric observations and minimal treatment with effective medication. *Id.*

Plaintiff argues the ALJ's rationale is insufficient, as it misinterprets the opinion to find inconsistency, and substantial evidence does not support the ALJ's conclusions with respect to Plaintiff's activities and the record as a whole. ECF No. 17 at 4-14. Defendant does not specifically address the ALJ's rejection of this opinion. ECF No. 18 at 5-7.[3]

The Court finds the ALJ failed to offer any germane reasons for discounting Ms. Garcia's mental medical source statement. The consistency of a medical opinion with the record as a whole is a germane factor for an ALJ to consider in evaluating the weight due to an "other source." 20 C.F.R. § 416.927(c)(2)(4), 416.927(f). However, the ALJ's discussion of the record is not an accurate summary of the evidence. Nearly half of the ALJ's citations to contradictory records are from prior to Plaintiff's alleged onset date, and thus have no bearing on her disability status as of October 2016. Tr. 25 (citing records contained at Tr. 337, 390, 478, 482, 486, 487). The other citations are not representative of the record as a whole. While ALJs must rely on examples to illustrate their findings, the examples they choose must be reflective of the broader context of the record. An ALJ cannot simply "pick out a few isolated instances of improvement over a period of months or years" but must interpret "reports of improvement ... with an understanding of the patient's overall well-being and the nature of her symptoms." *Garrison v. Colvin,* 759 F.3d 995, 1017 (9th Cir. 2014). The record documents Plaintiff experienced periods of relative stability alternating with exacerbation of

---

[3] Defendant addressed the ALJ's identical discussion of the medical records in the context of Ms. Garcia's other opinion on a DSHS WorkFirst form, but did not defend the ALJ's discussion of Ms. Garcia's medical source statement at Tr. 512-14. ECF No. 18 at 6-7.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

her symptoms, hypomanic phases, and deterioration in her functional abilities. Tr. 529-40 (doing better in late 2016 to early 2017); 517-24 (destabilizes February-March); 560-61, 565 (starts group therapy, doing better in May); 552-53, 556 (worse at end of May, changes in medications made); 656-57, 661-62 (changes in medication, doing better by July); 654 (has incident with her therapist, changes therapists in September); 639-45 (cannot recognize she is in a manic phase, changes therapists again); 638 (not doing well in November); 635 (reports feeling better in December); 628 (more depressed in January 2018); 625 (better in early February); 616-22 (worsening symptoms, increased use of anxiety medication through March and April); 610 (feeling more stable in May); 605-08 (doing worse in June); 596-97, 600-03 (doing much better in July, but still reporting a week-long depressive episode). The cycles of improvement and worsening symptoms are not captured by the ALJ's characterization of the record as showing minimal psychiatric observations and effective treatment with medication. Similarly, the ALJ's implication that Plaintiff was merely experiencing temporary situational stressors at the time the opinion was completed and demonstrated improvement within a few months ignores the cyclical nature of Plaintiff's condition and her subsequent ups and downs documented throughout the record.

None of the ALJ's other rationale is supported by substantial evidence. The ALJ found Ms. Garcia's opinion to be internally inconsistent, but the Court finds no inconsistency between the various moderate and marked limitations and Ms. Garcia's opinion that Plaintiff would be overall off-task up to 20% of a workweek and likely to miss work four or more times per month. Tr. 514. The ALJ found Ms. Garcia's comment about increased pressures leading to decompensation to be inconsistent with Plaintiff's activities of daily living and care for her children; however, this misunderstands the nature of the opinion, as Ms. Garcia opined that *additional* demands would be expected to lead to decompensation. Tr. 514. Effectively, she was opining that Plaintiff could not handle more than she was

already doing. This is not inconsistent with being able to handle a minimal amount of self-care and caring for her children. It is also supported by the fact that Plaintiff was not able to maintain the additional demands of a full-time job for more than three months before her bipolar symptoms flared up in October 2016. Tr. 42-43, 477.

The Court therefore finds the ALJ failed to offer any germane reasons for discounting Ms. Garcia's medical source statement. On remand the ALJ will reconsider the opinion along with the rest of the record.

      *b. WorkFirst forms*

In November 2016 Ms. Garcia completed a WorkFirst form for the Department of Social and Health Services. Tr. 568-70. She noted Plaintiff would often get severe anxiety attacks around people or when under stress, preventing her from going out much or keeping a job for more than a couple of months. Tr. 568. She stated Plaintiff was only capable of work or work-related preparation for 1-10 hours per week. *Id.* She additionally opined Plaintiff was capable of light level work. Tr. 569.

In November 2017, Plaintiff's new counselor, Sasha Baker, completed another copy of the same form, noting Plaintiff had difficulty calming her emotions, had sudden outbursts of tearfulness, and struggled with hyperattention and concentration, making it difficult for her to follow instructions or complete tasks. Tr. 573. She found Plaintiff could participate in work-related activities 11-20 hours per week. *Id.* She further commented that Plaintiff's condition was not permanent and would likely limit Plaintiff for 6-12 months. Tr. 574.

The ALJ gave both of these opinions no weight. Tr. 25-26. He found both to be inconsistent with the medical evidence and lacking in specific limitations, and specifically found Ms. Garcia's assessment was based on Plaintiff's subjective statements and had no basis for any physical limitations, and that Ms. Baker

acknowledged her opinion was not supported by any testing and provided for a duration of no greater than 12 months. *Id.*

Plaintiff argues the ALJ failed to consider Ms. Garcia's treatment records, which support her assessment of anxiety and mood dysregulation. ECF No. 17 at 14-15. With respect to Ms. Baker's opinion, Plaintiff argues the ALJ misinterpreted the checked box regarding testing and laboratory findings, and argues that each medical opinion does not have to establish a greater than 12-month duration, as long as the condition meets the duration requirement. *Id.* at 16-17. Finally, she makes the same arguments about the ALJ's selective summary of the medical evidence as she made in response to the rejection of the other opinion from Ms. Garcia. *Id.* at 17. Defendant argues all of the reasons offered by the ALJ are germane and that he reasonably interpreted the forms and the record. ECF No. 18 at 5-7.

The Court finds the ALJ did not offer germane reasons for discounting these opinions. While the forms do not comment on Plaintiff's specific workplace abilities, the statements regarding how many hours she would be able to work do constitute specific functional limitations. There is no evidence to support the ALJ's finding that Ms. Garcia relied on Plaintiff's subjective statements over her own professional judgment and treatment history. "Psychiatric evaluations may appear subjective, especially compared to evaluations in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Similarly, Ms. Baker's statement that the diagnoses she identified were not supported by "testing, lab reports, etc." does not mean there was no objective basis for the opinion, as she offered an explanation for the symptoms that led to the specific diagnoses, and the record reflects Plaintiff

///

///

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

presenting with remarkable mental status exams for the months leading up to Ms. Baker's opinion. Tr. 638-57.

Finally, as discussed above, the ALJ's conclusion that the opinions are inconsistent with the medical evidence is not supported by substantial evidence. Some of the ALJ's citations of "minimal psychiatric observations" include abnormal mental status exams, with anxious mood and affect, agitation, irritability, and mania. Tr. 26 (citing to Tr. 477, 518). The remainder of the ALJ's citations are not representative of the record as a whole, which demonstrates cycles of improvement and worsening, consistent with Plaintiff's bipolar condition, as discussed above regarding Ms. Garcia's medical source statement.

The Court therefore finds the ALJ failed to offer any germane reasons for discounting the WorkFirst forms. On remand, the ALJ shall reconsider all of the opinion evidence and the record as a whole.

**2.    Consultative examiner Morgan Liddell**

Plaintiff argues the ALJ erred in evaluating the opinion from consultative psychological examiner Dr. Liddell. ECF No. 17 at 17-19.

Dr. Liddell examined Plaintiff in May 2017. Tr. 546-50. He diagnosed Plaintiff with bipolar, PTSD, and generalized anxiety disorder, noting the conditions were treatable. Tr. 550. He opined Plaintiff had no obvious limitations in performing simple, routine tasks or detailed and complex tasks, could perform work tasks on a consistent basis, and could maintain regular attendance. *Id.* He further noted her conditions would cause limitations in her ability to interact with coworkers and the public, accept instruction from supervisors, complete a normal workweek without interruptions, and manage the usual stress encountered in the workplace. *Id.*

///
///
///

The ALJ gave this opinion partial weight, noting it was generally consistent with the exam and other records, but noting that Dr. Liddell did not identify the extent of any of the limitations noted. Tr. 24-25.

Plaintiff argues the ALJ erred in failing to recontact Dr. Liddell to clarify the limits, and instead claiming to have accounted for the opinion in the RFC. ECF No. 17 at 18-19. Defendant argues the ALJ did not actually reject Dr. Liddell's opinion, and there was no obligation to recontact the doctor when the record as a whole was adequately developed. ECF No. 18 at 3-5.

The Court finds the ALJ did not err. The ALJ was under no duty to recontact Dr. Liddell to clarify the extent of the limitations when he had access to years of mental health treatment records and other functional opinions to inform the RFC. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). However, as this claim is being remanded for further consideration of other evidence, the ALJ will reconsider this opinion as well, along with any additional evidence submitted.

## CONCLUSION

On remand, the ALJ shall reevaluate the medical and other evidence, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

1   The District Court Executive is directed to file this Order and provide a copy
2   to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and
3   the file shall be **CLOSED**.

4   **IT IS SO ORDERED.**

5   DATED December 14, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE